# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JARVIS LEE HARRIS,
Petitioner,

Case No. 1:11-cv-414

vs

Barrett, J.
Litkovitz, M.J.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,
Respondent.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Madison Correctional Institution in London, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 12). This matter is before the Court on respondent's motion to dismiss, or in the alternative to stay, the petition because petitioner has not exhausted available state court remedies. (Doc. 18). Petitioner has not opposed respondent's motion, which was filed on December 9, 2011.

## I. PROCEDURAL BACKGROUND

In December 2009, the Hamilton County, Ohio, grand jury returned a sixteen-count indictment against petitioner and a co-defendant. Petitioner was charged with six counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A); two counts of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A); one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2); two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A); one count of abduction in violation of Ohio Rev. Code § 2905.02(A)(2); one count of attempted murder in violation of Ohio Rev. Code § 2923.02(A); and one count of domestic

violence in violation of Ohio Rev. Code § 2919.25(A).[1] (Doc. 18, Ex. 1).

In February, 2011, following numerous continuances, pretrial motions, and changes in counsel, petitioner pleaded guilty to two counts of felonious assault, one count of aggravated burglary, one count of kidnapping and the rape, attempted murder and domestic violence counts in exchange for the dismissal of the remaining charges. (Doc. 18, Ex. 29). The court accepted petitioner's guilty plea, and on March 15, 2011, issued a Judgment Entry sentencing petitioner to an aggregate prison term of forty (40) years. (Doc. 18, Exs. 31, 32). The charges subject to dismissal under the terms of the plea agreement were also dismissed. (Doc. 18, Ex. 33).

Petitioner did not pursue an appeal from his conviction or sentence in the state courts. Instead, on June 27, 2011, he filed a *pro se* petition for post-conviction relief with the trial court. (Doc. 18, Ex. 34; *see also* Doc. 1, p. 3). In the petition filed pursuant to Ohio Rev. Code § 2953.21, petitioner claimed that (1) his sentence was excessive and constituted cruel and unusual punishment in violation of the Eighth Amendment; (2) he was denied due process because his trial counsel failed to protect, or advise him of, his "constitutional rights" and because he was "given more time th[a]n [he] should have rec[ei]ved" at sentencing; and (3) he "signed a plea agreement under d[u]ress." (*Id.*). On August 2, 2011, the trial court denied the post-conviction petition without a hearing based on the following "conclusions of law:" (1) petitioner had "failed to sustain his initial burden of submitting evidentiary material with his petition setting forth sufficient operative facts to demonstrate substantive grounds for relief;" and (2) the "[i]ssues of excessive sentence and ineffective assistance of counsel could have been raised in direct appeal"

---

[1] In the remaining two counts, the co-defendant was charged with complicity in violation of Ohio Rev. Code § 2923.03(A)(2) and tampering with evidence in violation of Ohio Rev. Code § 2921.12(A)(1).

and thus were barred from review by the doctrine of *res judicata*. (Doc. 18, Ex. 36). Petitioner apparently did not pursue an appeal from the trial court's ruling in the state courts.

**Federal Habeas Corpus Petition**

In June 2011, when he was simultaneously pursuing state post-conviction relief, petitioner initiated the instant federal habeas corpus action. (*See* Doc. 2).[2] In the petition, which was ultimately filed on September 9, 2011,[3] petitioner alleges the following grounds for relief, as quoted in pertinent part from the petition:

> **Ground One:** I was wronged by my judge and lawyer and wronged by my constitutional rights.
>
> **Supporting Facts:** I was never given any support by my attorney in this case: B0908542. My judge knowingly violated plea agreement rights without any discretion in max[]ing me out on all charg[e]s which is against my plea agreement. I never agreed to be maxed out to (40) years. My lawyer didn't fight to get me less time or the minimum on each charge. I was given 10 years on each charge, the m[a]ximum on all charges.
>
> **Ground Two:** My lawyer did not defend me according to law. He tricked me in[to] si[gn]ing a plea agreement that I didn't understand. I told him this.
>
> **Supporting Facts:** My lawyer scared me into si[gn]ing a plea agreement by threatening me if I take my case to trial I would be max[ed] out. . . . I [ended] up max[]ed out on all charges anyway. . . . My lawyer did not defend me according to law nor did he protect my constitutional rights or give me any of his time or legal advice during any stages of my case: counsel took (1) year to hand me over my discovery pack[e]t that was given to me less than (24) hours of my sentencing

---

[2]Respondent states that petitioner previously filed a petition for federal habeas corpus relief with this Court. (Doc. 18, Brief, pp. 7-8). The petition, which was filed in November 2010 prior to petitioner's conviction and sentence, was dismissed without prejudice on exhaustion grounds. *Seen Jarvis Harris v. Warden, Hamilton County Justice Center*, No. 1:10-cv-765 (S.D. Ohio ) (Barrett, J.; Litkovitz, M.J.) (Docs. 3, 13, 16).

[3]Petitioner commenced the action by filing an *in forma pauperis* application. Initially, it was recommended that the petition be dismissed for lack of prosecution because petitioner failed to comply with a Deficiency Order. (*See* Docs. 4, 8). However, the Report and Recommendation was later vacated and petitioner was granted leave to proceed *in forma pauperis* upon receipt of the requisite documentation from petitioner demonstrating his inability to pay the filing fee. (*See* Docs. 8, 10, 11).

and conviction court date hearing.

**Ground Three:** [Ex]cessive sentencing. (40) years given to me. I signed a plea agreement under d[u]ress. Self-incrimination.

**Supporting Facts:** Pertaining to the knowledge of the minimum and m[a]ximu[m] sentencing laws, and the consecutive/concurrent sentencing laws. My lawyer was incompetent with my case.

**Ground Four:** Denial of indictment by grand jury hearing and due process thereof. I have a right to a preliminary hearing.

**Supporting Facts:** This preliminary hearing by counsel and myself would have given me a fair opportunity to answer[] to the indictment by prosecution to a grand jury. . . .

(Doc. 12, pp. 6-10).

In response to the petition, respondent has filed a motion to dismiss. (Doc. 18). Respondent contends that the petition should be dismissed without prejudice or administratively stayed because petitioner "has failed to exhaust his remedies in the state courts of Ohio." (*Id.*). Petitioner has not opposed respondent's motion.

## II. OPINION

### Respondent's Motion (Doc. 18) Should Be Granted To The Extent That The Case Should Be Conditionally Stayed While Petitioner Exhausts Available State Court Remedies

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and

4

in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

After the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) adopted a "stay-and-abeyance" procedure to ensure habeas review would not be precluded in the class of cases where a timely-

filed federal habeas petition was dismissed on exhaustion grounds and petitioner subsequently returned to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims were time-barred. *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).[4]

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of

---

[4]The stay-and-abeyance approach was first suggested by Justice Stevens in a concurring opinion joined by Justice Souter in *Duncan v. Walker,* 533 U.S. 167 (2001). In *Duncan,* the Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" that serves to toll the one-year limitations period under 28 U.S.C. § 2244(d)(2). In his concurring opinion, Justice Stevens indicated that the equitable powers of the federal court may be employed in such a situation to toll the statute of limitations for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan,* 533 U.S. at 184. The justice suggested that the district court either stay the original habeas proceeding until petitioner exhausts his state court remedies or deem the limitations period tolled for the first habeas petition. *Id.* at 182-83.

> the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, as respondent has argued, petitioner has not exhausted any of his grounds for relief in the state courts. First, petitioner has not even attempted to appeal his conviction or sentence to the Ohio Court of Appeals, First Appellate District. Second, although petitioner filed a timely post-conviction petition with the trial court, wherein he asserted three of his four grounds for relief, he did not attach any evidentiary materials to support those claims and did not file a timely appeal to the Ohio Court of Appeals from the trial court's ruling on August 2, 2011 denying post-conviction relief. (*See* Doc. 18, Exs. 34, 36).

At this juncture, petitioner is precluded from filing an appeal in the state courts from the

7

denial of his post-conviction petition because Ohio does not permit delayed appeals in post-conviction proceedings. *See Nesser v. Wolfe*, 370 F. App'x 665, 670 (6th Cir. 2010) (and cases cited therein). However, as respondent has pointed out, an avenue of relief is still available to petitioner to the extent that petitioner may pursue a delayed appeal under Ohio R. App. P. 5(A) from his conviction and sentence based on claims of error that may be discerned and adjudicated solely on the basis of the record. The delayed appeal remedy provides an opportunity for petitioner to fairly present any record-based claims to the state's highest court, because if the Ohio Court of Appeals refuses to grant a delayed appeal or otherwise renders a decision adverse to petitioner, petitioner may pursue a further appeal to the Ohio Supreme Court pursuant to Rules I and II of the Rules of Practice of the Supreme Court of Ohio.

Respondent also contends that the remedy of state post-conviction relief arguably remains available to petitioner to exhaust claims that may be based on evidence outside the record, particularly if petitioner is successful in obtaining a delayed appeal and a trial transcript is filed in the appeal which "bring[s] up facts outside the record that might substantiate his assertion that his guilty plea was coerced." (Doc. 18, Brief, pp. 10-11). As the trial court understood in denying the petition for post-conviction relief that was previously filed by petitioner, under Ohio law, *res judicata* serves to bar post-conviction review of issues that were or could have been presented on direct appeal. *See, e.g., State v. Cole,* 443 N.E.2d 169, 170-71 (Ohio 1982). However, an exception to the *res judicata* rule exists in cases where the petitioner's claims for state post-conviction relief are based on evidence or information not contained in the original record. *Id.*; *cf. Wogenstahl v. Mitchell,* 668 F.3d 307, 341 (6th Cir. 2012) (and Ohio cases cited therein) (discussing Ohio's *res judicata* doctrine and the exception to that rule based on the

8

presentation of "evidence *dehors* the record").

In Ohio, successive post-conviction petitions are not prohibited. *See, e.g., Fuller v. McAninch,* No. 95-4312, 1996 WL 469156, at *1 (6th Cir. Aug. 16, 1996); *Mack v. Bradshaw,* No. 1:04cv829, 2011 WL 5878395, at *25 (N.D. Ohio Nov. 23, 2011); *cf. Hoop v. Andrews,* No. 1:06cv603, 2010 WL 2485616 (S.D. Ohio June 15, 2010) (Merz, M.J.) (staying the federal habeas proceeding pending the petitioner's exhaustion of the Ohio remedy of a successive petition for post-conviction relief). However, under Ohio Rev. Code § 2953.23(A)(1), a court may "entertain . . . a second petition or successive petitions for similar relief on behalf of a petitioner" only if (a) "the petitioner shows that [he] was unavoidably prevented from the discovery of the facts upon which [he] must rely to present the claim for relief," *or,* that subsequent to the filing of an earlier petition, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; *and* (b) "[t]he petitioner shows by clear and convincing evidence that but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."[5] *See also Sheppard v. Bagley,* 604 F. Supp.2d 1003, 1106 (S.D. Ohio 2009), *aff'd,* 657 F.3d 338 (6th Cir. 2011), *petition for cert. filed* (U.S. Apr. 13, 2012) (Nos. 11-9887, 11A720).

Here, given that petitioner already raised three of his four grounds for relief in his first post-conviction petition, a strong argument can be made that the requirements of Ohio Rev. Code § 2953.23(A)(1) cannot be satisfied in order to obtain state-court review of any successive post-

---

[5]Under Ohio Rev. Code § 2953.23(A)(2), review of a successive post-conviction petition is also permitted where "the results of DNA testing establish, by clear and convincing evidence, actual innocence of th[e] felony offense." That provision of the statute is inapplicable in the case-at-hand.

9

conviction petition based on the same claims. Nevertheless, because no record of the plea or sentencing proceedings has been transcribed for review either by the state courts or in this federal habeas proceeding, and because respondent has expressed concerns about petitioner's "mental difficulties" (*see* Doc. 18, Brief, p. 11), the undersigned concludes, out of an abundance of caution and as respondent has contended in his unopposed motion, that the petition should be dismissed without prejudice or stayed based on petitioner's failure to exhaust not only the remedy of a delayed appeal to the Ohio Court of Appeals, but also the arguably available remedy of state post-conviction relief for claims that may be based on evidence outside the record. *Cf. Godbolt v. Russell,* 82 F. App'x 447, 449-50 (6th Cir. 2003) (in affirming the district court's decision to dismiss the habeas petition on exhaustion grounds, the Sixth Circuit stated: "No matter how unlikely it seems that [the state post-conviction] petition will fall within the narrow exception contained in [Ohio Rev. Code § 2953.23], it is for the state courts to interpret and enforce their laws on such issues.").

Here, respondent has not argued that the action should be dismissed rather than stayed, but merely requests that either a dismissal order or stay order be entered so that petitioner can pursue available remedies in the state courts and, in so doing, develop a record for review of his claims for relief. (*See* Doc. 18, Brief, pp. 11-12). This is not the case where petitioner has engaged in intentional delay or abusive litigation tactics. Indeed, he filed a timely petition for post-conviction relief with the trial court and initiated the instant habeas corpus action within months of his conviction and sentence. Furthermore, given that there is no transcript of the plea or sentencing proceedings that may be reviewed for error, the undersigned is reluctant to find at this stage that petitioner's unexhausted claims are "plainly meritless." Finally, this case falls

within the category of cases for which the "stay-and-abeyance" procedure was adopted. The instant habeas petition has been pending in the federal court for nearly a year without any action taken by the petitioner in the state courts after the trial court denied his post-conviction petition on August 2, 2011. Therefore, if the petition were dismissed without prejudice instead of stayed at this juncture, any subsequent petition filed by petitioner raising the same claims may face a statute-of-limitations bar to review.

Accordingly, in sum, after weighing the *Rhines* factors, and out of concern that the dismissal of the petition at this juncture might unreasonably impair petitioner's right to obtain future federal review of any of his grounds for habeas corpus relief, it is **RECOMMENDED** that respondent's motion (Doc. 18) be **GRANTED**, but only to the extent that respondent requests that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust the available remedy of a delayed appeal to the Ohio Court of Appeals, as well as the possibly available state court remedy of a successive petition for post-conviction relief, within certain reasonable time guidelines. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss or stay this action (Doc. 18) be **GRANTED** to the extent that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 12) should be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be **CONDITIONED** on: (1) petitioner's pursuing the state court remedies discussed herein within thirty (30) days of the

date of filing of any Order adopting this Report and Recommendation; **and** (2) petitioner's filing a motion to reinstate the instant petition on the Court's active docket within thirty (30) days after fully exhausting those state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust a possibly available state court remedy. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending his exhaustion of such remedies.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[6]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.* *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/30/12
cbc

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JARVIS LEE HARRIS,
    Petitioner

vs

WARDEN, MADISON
CORRECTIONAL INSTITUTION,
    Respondent

Case No. 1:11-cv-414

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☒ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

1. Article Addressed to:

Jarvis Lee Harris 647-635
Madison Corr. Inst.
PO Box 740
London, OH 43140-0740

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7003 2260 0002 6723 4736

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540